Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| HAMARA E. JIMÉNEZ TUGUES JOSÉ D. RIVERA RODRÍGUEZ  Peticionarios  v.  EX PARTE | KLAN202401005 | Apelación procedente del Tribunal de Primera Instancia, Sala de Arecibo  Sobre: Divorcio (C.M.)  Caso Núm.: C DI2008-0535 |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, la Juez Rivera Marchand y el Juez Salgado Schwarz

Domínguez Irizarry, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 19 de diciembre de 2024.

El peticionario, el señor José D. Rivera Rodríguez, comparece ante nos y solicita nuestra intervención para que dejemos sin efecto la *Resolución* emitida el 30 de agosto de 2024, y notificada el 9 de septiembre de 2024, por el Tribunal de Primera Instancia, Sala de Arecibo. Mediante la misma, el foro *a quo* declaró *No Ha Lugar* una *Moción Solicitando Se Deje sin Efecto Pensión Excónyuge*, incoada por el peticionario. La referida determinación fue emitida como parte de los mecanismos post sentencia dentro de una acción ex parte de divorcio conjuntamente promovida por el peticionario y la aquí recurrida, la señora Hamara E. Jiménez Tugues.

Por los fundamentos que expondremos a continuación se deniega la expedición del auto de *certiorari* solicitado.

**I**

El 5 de mayo de 2009, el Tribunal de Primera Instancia emitió *Sentencia,* en la que acogió un acuerdo entre las partes para poner fin a todas las controversias del caso de divorcio por consentimiento mutuo entre los comparecientes. Según reza el

dictamen, entre las estipulaciones establecidas, ambos convinieron, lo siguiente:

> "El peticionario pagará una pensión alimenticia a favor de la peticionaria de $3,000.00 mensuales, mientras éste tenga la capacidad para sufragar dicha pensión y la misma quedará sin efecto si la peticionaria contrajera nuevo matrimonio."[1]

Tras múltiples incidencias post sentencia relacionadas al cumplimiento del antedicho acuerdo, mediante *Resolución* notificada el 28 de enero de 2022, el Tribunal de Primera Instancia relevó al peticionario del pago de la pensión excónyuge en disputa. En desacuerdo, la recurrida compareció ante este Tribunal mediante un primer recurso, que se acogió como uno de *certiorari*, de nomenclatura KLAN202200551. Mediante *Sentencia* del 25 de octubre de 2022, este Foro dejó sin efecto lo resuelto. En consecuencia, devolvió el caso al tribunal primario para que celebrara una vista de conformidad con lo dispuesto en la Regla 51.4 de Procedimiento Civil, 32 LPRA Ap. V, R. 51.4, ello a los fines de que se auscultara si el peticionario contaba con la capacidad económica suficiente para sufragar el pago de la pensión excónyuge convenida.

Luego de varios trámites, el 28 de junio de 2024, el Tribunal de Primera Instancia celebró la vista de referencia conforme ordenado. Como resultado, el 9 de septiembre de 2024, notificó la *Resolución* aquí recurrida. En virtud de la misma, resolvió que el peticionario estaba obligado a cumplir con el pago de la pensión excónyuge pactada a favor de la recurrida, así como a satisfacer la deuda que por dicho concepto acumuló desde el año 2017.

Inconforme, y luego de denegada una previa solicitud de reconsideración y de determinaciones adicionales de hechos, el 8 de noviembre de 2024, el peticionario compareció ante nos mediante el

---

[1] Véase: Apéndice, Anejo 6, *Sentencia,* pág. 29.

recurso de epígrafe, el cual, en la correcta consecución de las normas aplicables, acogemos como uno de *certiorari*. En esencia, plantea que las determinaciones de hechos emitidas por el foro de origen son parcialmente erróneas.

Procedemos a expresarnos de conformidad con la norma que provee para el adecuado trámite en alzada del recurso que nos ocupa.

**II**

Sabido es que el recurso de *certiorari* es un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un foro inferior. *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez,* 211 DPR 821, 847 (2023); *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021); *800 Ponce de León v. AIG,* 205 DPR 163, 174 (2020); *Medina Nazario v. McNeil Healthcare LLC,* 194 DPR 723, 728 (2016); *IG Builders et al. v. BBVAPR,* 185 DPR 307, 337-338 (2012). Mediante la presentación de un recurso de *certiorari* se pretende la revisión de asuntos interlocutorios que han sido dispuestos por el foro de instancia en el transcurso y manejo del caso que atienden. Distinto al ejercicio de sus funciones respecto a un recurso de apelación, el tribunal al que se recurre mediante el vehículo procesal del recurso de *certiorari* tiene discreción para atender el asunto planteado, ya sea expedir el auto solicitado o denegarlo. *800 Ponce de León v. AIG,* supra; *Rivera Figueroa v. Joe's European Shop,* 183 DPR 580, 593 (2011); *Pueblo v. Díaz de León,* 176 DPR 913, 917 (2009); *García v. Padró,* 165 DPR 324, 334 (2005).

La Regla 40 del Reglamento de este Tribunal establece los criterios que debemos considerar al momento de ejercer nuestra facultad discrecional. Estos son:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

4 LPRA Ap. XXII-B, R. 40.

Ahora bien, la correcta consecución de la justicia necesariamente conlleva reconocer a los juzgadores de los foros primarios un amplio margen de deferencia respecto al ejercicio de sus facultades adjudicativas dentro del proceso que dirigen. De ordinario, el criterio judicial empleado en el manejo de un caso está revestido de gran autoridad. De ahí la premisa normativa que califica la tramitación de los asuntos en el tribunal primario como una inherentemente discrecional del juez. Siendo así, y sin apartarse de los preceptos pertinentes al funcionamiento del sistema judicial, el adjudicador concernido está plenamente facultado para conducir el proceso que atiende conforme le dicte su buen juicio y discernimiento, siempre al amparo del derecho aplicable. *In re Collazo I,* 159 DPR 141, 150 (2003). Cónsono con ello, sabido es que los tribunales apelativos no "deben intervenir con determinaciones emitidas por el foro primario y sustituir el criterio utilizado por éste en el ejercicio de su discreción, salvo que se pruebe que actuó con prejuicio o parcialidad incurrió en craso abuso de

discreción o en error manifiesto". *Citibank et al v. ACBI et al.*, 200 DPR 724, 736 (2018).

**III**

Amparados en la facultad que emana de la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra,* resolvemos no expedir el auto solicitado. Nada en los documentos que nos ocupan, revela que, en el ejercicio de sus facultades adjudicativas, el Tribunal de Primera Instancia haya incurrido en error de derecho o abuso de discreción al disponer de la controversia entre las partes. De igual modo, surge que el peticionario impugna las determinaciones de hechos emitidas por el foro primario. Sin embargo, toda vez que no presentó la transcripción de los procedimientos, no nos puso en condiciones para evaluar su reclamo, por lo que las determinaciones de hechos consignadas en el dictamen recurrido, se presumen correctas. Siendo así, resolvemos no intervenir con lo resuelto.

**IV**

Por los fundamentos que anteceden, se deniega la expedición del auto de *certiorari* solicitado.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones